UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ CARNEGIE EAST HOUSE HOUSING          │
│ DEVELOPMENT FUND CO., INC.,          │
│                                      │
│            Plaintiff,                │
│                                      │
│        -against-                     │
│                                      │
│ THE INTERIORS GROUP LLC and          │
│ HENRY TUTTMAN,                       │
│                                      │
│            Defendants.               │
└─────────────────────────────────────┘
```

23-cv-8384 (JSR)

OPINION AND ORDER

JED S. RAKOFF, U.S.D.J.:

Plaintiff Carnegie East House Housing Development Fund Company, Inc. ("Carnegie") operates a housing facility for the elderly in Manhattan. In 2019, Carnegie contracted with defendant The Interiors Group LLC ("IG"), of which co-defendant Henry Tuttman is the principal, to renovate the facility. But the COVID-19 pandemic -- and defendants' refusal to certify that IG's workers had been vaccinated -- prevented IG from performing any of the renovation work. Because Carnegie had partially paid IG and received nothing in return, Carnegie brought this suit. The complaint brings claims for breach of contract and unjust enrichment against IG and an additional claim of unjust enrichment against Tuttman. IG has answered the complaint, but Tuttman has moved to dismiss the sole claim against him. The Court hereby denies Tuttman's motion to dismiss the claim against him.

I.    Factual and Procedural Background

- 1 -

Carnegie operates a housing facility for the elderly in Manhattan. ECF No. 1 ("Compl."), ¶ 1. In May 2019, Carnegie entered into a construction contract with IG to renovate the facility. Id. ¶ 2. Because of the COVID-19 pandemic, the renovation project was delayed before it began. Id. Even after the New York Department of Health lifted the moratorium on construction projects, the project remained on hold. Defendant "Henry Tuttman, the principal of IG, refused to get vaccinated against the COVID-19 virus and refused to provide evidence that any of his subcontractors or employees were vaccinated against the COVID-19 virus." Id. ¶ 3. Such vaccinations were necessary based on both general Department of Health guidance and the fact that Carnegie's population -- the elderly -- consists of "the most vulnerable population to" COVID-19. Id.

Although Carnegie "had paid Tuttman $162,039.55 as an advance" on the $949,607.48 total price under the construction contract, IG never performed any of the agreed-upon work. Id. ¶ 5. Instead, "Tuttman, on behalf of IG, demanded Carnegie rebid the work IG was supposed to perform" and "demanded . . . an additional advance." Id. ¶ 4. Because IG refused to perform absent a renegotiation and higher price, Carnegie secured an alternative contractor "for the increased price of $1,179,520." Id. ¶ 6.

On September 21, 2023, Carnegie filed this suit, bringing claims of breach of contract and unjust enrichment against IG and

an additional unjust enrichment claim against Tuttman. Id. IG filed an answer on November 30, 2023. ECF No. 14. On December 18, 2023, Tuttman moved to dismiss the sole claim against him. ECF No. 20 ("Mem."). Carnegie filed an opposition on January 22, 2024, ECF No. 21 ("Opp."), and Tuttman filed a reply on February 2, 2024, ECF No. 22 ("Reply").

II.   Legal Background

"The basis of a claim for unjust enrichment" under New York law "is that the defendant has obtained a benefit which in equity and good conscience should be paid to the plaintiff." Corsello v. Verizon N.Y., Inc., 967 N.E.2d 1177, 1185 (N.Y. 2012).[1] "To state a claim for unjust enrichment, a plaintiff must allege '1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that equity and good conscience require restitution.'" Keybanc Cap. Mkts., Inc. v. Extreme Steel, Inc., -- F. Supp. 3d --, --, 2024 WL 62457, at *4 (S.D.N.Y. Jan. 5, 2024) (quoting Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000)).

The remedy of unjust enrichment "is available only in unusual circumstances when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff."

---

[1] Here and elsewhere, all internal alterations, citations, ellipses, and quotation marks have been omitted unless otherwise indicated.

Corsello, 967 N.E.2d at 1185. "Typical cases are those in which the defendant . . . has received money to which he or she is not entitled." Id. "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." Id. However, "even though" a plaintiff "may not ultimately recover under both . . . breach of contract and unjust enrichment claims" for the same conduct, "courts in this Circuit routinely allow plaintiffs to plead such claims in the alternative." Nat'l Convention Servs., L.L.C. v. Applied Underwriters Captive Risk Assurance Co., 239 F. Supp. 3d 761, 795 (S.D.N.Y. 2017). Indeed, "Federal Rule of Civil Procedure 8 expressly authorizes pleadings in the alternative." Keybanc, 2024 WL 62457, at *6. Accordingly, "[a] court may allow a breach of contract and an unjust enrichment claim to proceed past the motion to dismiss stage when the validity or scope of the contract is difficult to determine." Nat'l Convention Servs., 239 F. Supp. 3d at 795.

III. Analysis

Tuttman's only argument in support of his motion to dismiss is that, because all agree there was a contractual relationship between Carnegie and IG, "there can only be a claim in Breach of Contract and the claim of Unjust Enrichment should not be available as against any defendant." Mem. at 4 (emphasis omitted). Tuttman rests his argument on Joan Hansen & Co. v. Everlast World's Boxing

Headquarters Corp., 296 A.D.2d 103 (1st Dep't 2002).[2] In that case, the First Department affirmed the dismissal of an unjust enrichment claim brought against the president and CEO of a company, Everlast World's Boxing Headquarters Corp. ("Boxing"), with whom the plaintiff had a contract. Id. at 105-08. As the First Department explained, "Plaintiff acted under contract with defendant Boxing and could only look to that corporation for compensation." Id. at 108. Indeed, "a plaintiff must demonstrate that services were performed for the defendant resulting in its unjust enrichment," and the plaintiff there "point[ed] to no service that was rendered to" Boxing's CEO "for which plaintiff can reasonably expect compensation." Id.

Joan Hansen is inapposite because of two key differences with the facts here. First, in that case, there was no suggestion that "the validity or scope of the contract is difficult to determine." Nat'l Convention Servs., 239 F. Supp. 3d at 795. Here, by contrast, although all agree that there was a construction contract between Carnegie and IG, "none of the parties have been able to locate a written instrument memorializing any agreement between any of the parties." Opp. at 6 n.4. Given that IG has filed an answer disputing its liability under the contract, see ECF No. 17, the validity and scope of the contract is a live issue that will

---

[2] As the parties agree, New York State law governs all the claims here asserted. Federal jurisdiction rests on 28 U.S.C. § 1332.

require discovery to resolve. "Because the scope of the contractual obligations and further factual developments regarding the conduct of the parties have yet to be determined, dismissing the plaintiff's unjust enrichment claim at this stage would be premature." Nat'l Convention Servs., 239 F. Supp. 3d at 795. Second, unlike the allegations of the plaintiff in Joan Hansen, Carnegie alleges that it paid $162,039.55 directly to Tuttman "as an advance against the Contractor Agreement," and that "Tuttman has personally retained the benefits of that payment . . . without providing any benefit in return." Compl. ¶¶ 5, 46.[3]

Carnegie's complaint plausibly pleads a claim of unjust enrichment against Tuttman in the alternative to breach of contract against IG. Carnegie concedes that it "may only inevitably be able to recover one of two claims for breach of contract and unjust enrichment." Opp. at 6. But Tuttman is wrong in arguing that, at the pleading stage, Carnegie cannot pursue both claims in the alternative to one another. Indeed, because Tuttman was not himself a party "to any contract" with Carnegie, "the redundancy argument is inapplicable." Nat'l Convention Servs., 239 F. Supp. 3d at 795.

---

[3] The complaint elsewhere states that the $162,039.55 was made to IG "[a]s part of the Contractor Agreement." Compl. ¶ 18. Construing the allegations in the light most favorable to Carnegie, as the Court must when evaluating a motion to dismiss, the Court takes the complaint to allege that Tuttman personally accepted the payment on behalf of IG and that Tuttman himself retained at least part of the payment. See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

- 6 -

Finally, the Court notes that Tuttman's motion is improperly replete with citations to a declaration that he simultaneously filed, offered as purported evidence that "[a]t no time did [he] ever personally guarantee any contract, agreement, and/or performance with respect to IG." ECF No. 19 ("Tuttman Decl."), ¶ 6. Unless the Court converts the motion to dismiss for failure to state a claim into a motion for summary judgment, which no party here requests and which the Court declines to do, the Court may not consider evidence that is extrinsic, and not integral, to the complaint. See Palin v. N.Y. Times Co., 940 F.3d 804, 810-11 (2d Cir. 2019); Fed. R. Civ. P. 12(d). What matters in assessing a motion brought under Federal Rule of Civil Procedure 12(b)(6) is whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Carnegie's complaint plausibly alleges that Tuttman was unjustly enriched -- in other words, that he benefited at Carnegie's expense and that equity and good conscience require that Carnegie recoup its losses -- because he failed to perform any renovation work after being directly paid, on behalf of IG, to do such work. See Compl. ¶¶ 4-6, 46. Whether discovery will bear out that allegation, or whether the cause of action on which Carnegie can ultimately recover is not unjust enrichment but breach of contract against IG, is a matter for a future day.

- 7 -

I.    Conclusion

For the reasons explained above, the Court denies Tuttman's motion to dismiss. The Clerk is respectfully directed to close document 18 on the docket of this case.

SO ORDERED.

New York, NY
March 13, 2024

JED S. RAKOFF, U.S.D.J.